

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Leonardo Burgos Valencia
   Petitioner

v.

UNITED STATES OF AMERICA
   Respondent

No. Cr-05-00125-TUC-DCB-BPV

**MOTION FOR COMPASSIONATE RELEASE PURSUANT**

**TO FIRST STEP ACT, CARES ACT AND MEMOS BY ATTORNEY GENERAL**

**COMES NOW**, Leonardo Burgos Valencia, pro se, and files the above styled motion.

## I.   BACKGROUND

Petitioner was born in Mexico on March 13, 1963. He is currently 67 years old. He grew up in a ranch in Mexico along with his only sister and was put to work on the fields at a young age. As such, Petitioner did not attend school and is iliterate. Petitioner and his only sister grew very close and the only goal was to help their parents by tending the fields, animals and doing the daily chores of a ranch in order to make ends meet and put food on the family's table. Petitioner married Sofia Romero in 1975 and have three children together. He also followed his parent's footsteps and lived in a rural part of Mexico and became a farmer with his wife. The three children grew up and married and currently have ten grandchildren altogether.

Petitioner was arrested back in December of 2004, while traveling to the U.S. on a turist visa. He was indicted along with other co-defendants in a conspiracy charge. These co-defendants later cooperated with the government for reduced sentences. The government also had many informants that testified in exchange for reduced sentences or other forms of compensation, as such, much of the testimony was exagerated or hearsay. Accordingly, Petitioner along with three other co-defendants decided to go to trial and prove the facts of the case were not as presented by the government and informants who were prone to lie and exageration.

A trial followed and a jury found me and my three co-defendants guilty of some of the charges and acquitted for the other counts of the indictment. Petitioner was sentenced on 10-06-2008, to a term of 288 months with 5 years supervision. A timely appeal followed and the Ninth Circuit affirmed in part and reversed in part, in particular the fact that the District Court had violated Petitioner's double jeopardy rights by convicting and sentencing for engaging in a continuing criminal enterprise and for conspiring to distribute and possess with intent to distribute marijuana. The Ninth Circuit stated "We conclude that the district court plainly erred". **See, U.S. v. Burgos-Valencia,** (2010, 9th Cir. App. LEXIS 5674) A hearing followed and Petitioner was resentenced to the same amount of 288 months.

Throughout the almost sixteen years that Petitioner has been incarcerated he has been engaged in educational programs and keeps himself bussy with hobby craft. He also completed his G.E.D. and passed an English proficiency examination. He has also remained clear of any incidents or disciplinary infractions but for a minor offense which was more than ten years ago. (See Copy of Program Review Dated 04-15-2020)

Since 2004, there have been many changes in several laws that were passed in particular the SECOND CHANCE ACT, AMENDMENT 782 by the U.S. Sentencing Commission by lowering the Drug Quantity table and most recent the FIRST STEP ACT which was signed in to law by President Trump on 12-21-2018. Unfortunately, these benefits are mostly applied to U.S. Citizens or they are simply Non-Retroactive and do not apply to defendants sentenced before the passage of these laws. The reality of the case at hand is that had Petitioner been sentenced or indicted in the past ten years his sentence would have been much lower than the guidelines of back in 2004. Further, had Petitioner been a U.S. Citizen, he would have been able to complete the RDAP and be eligible for Home Detention automaticaly reducing at least 18 months of his sentence and adding many more credits to this through the programs and faith based services available at the BOP facilities for U.S. Citizens.

Petitioner is currently requesting Compassionate Release per 18 U.S.C. § 3582 (c)(1)(A) as he is 67 years old, has served over 75% of his sentence and due to the aging process he is unfortunately going through some serious medical issues. Among the most serious medical problems are Petitioner's kidney's one of which is no longer functioning. Petitioner's blood pressure is also taking a toll on his heart and has to be on constant medication and monitoring from the medical department. Petitioner is also pre-diabetic and has high cholesterol. His back (lower lumbar) problems prevent Petitioner from moving around as well as he used to a few years back. Additionally, the current pandemic (COVID-19) is spreading fast throughout the world and also the prison systems have been greatly affected by the virus. The virus is unprecedented and there currently is no cure or vaccine against it. There have been many reports in the evening news and newspapers that a great deal of staff and prisoners have been infected and a lot of them have died, in particular at FCC Oakdale in Louisiana which last month stated that it was at 26 dead. (See B.O.P. Website) At his age, and medical pre-conditions should the virus reach the prison where he's housed and which is close to FCC Oakdale, (Giles W. Dalby C.I. Received many transfers from FCC Oakdale) it would be a death sentence to Petitioner. It is only a matter of time before the COVID-19 reaches the prison and the lack of proprer medical care and where it is impossible to social distance will start taking many lives. Further, Petitioner's entire family lives in Mexico and cannot visit and if he were to get sick it would be devastating to his wife and children.

## II.	ARGUMENT

A. COMPASSIONATE RELEASE STANDARDS

A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. §3553(a), if extraordinary and compelling reasons warrant such a reduction.  **See, §3582 (c)(1)(A), FIRST STEP ACT ("F.S.A")**

The FSA modified §3582 (c)(1)(A), such that a defendant may now directly petition the court on his behalf after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.  The guideline predates the FSA and has not been amended to reflect that, under the FSA, a defendant may now move for compassionate release and also lists outdated criteria such as the defendant should at least be 70 years of age and has served at least 30 years in prison.

Additionally, on 11-01-2016, the U.S.S.G. were amended through AMENDMENT 799 and revised the Commentary to §1B1.13 which now provides four categories for criteria for compassionate release which include, "Medical Conditions of the Defendant" "Age of the Defendant" "Family Circumstances" and "Other Reasons". With regard to the last category, sometimes referred to as the "catchall" or residual category, "extraordinary reasons exist" when in combination with the reasons described in subdivisions  (A) through (C).

Further, §1B1.13, no longer describes an appropriate use of sentence-modification provisions and its thus nor part of the applicable policy statement binding the court. The Fifth Circuit has ruled, the correct interpretation is that when a defendant brings a motion for a sentence reduction under the amended provision the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 warrant relief. **See, U.S. v. Cantu** No. 1:05-cr-458-1, 2019 S.D. Tex.

B.   **EXTRAORDINARY AND COMPELLING REASONS**

Very little guidance exists on what constitutes extraordinary and compelling reasons warranting a sentence reduction under U.S.S.G. §1B1.13 and only the BOP was previously empowered to seek such relief and it rarely did so. **U.S. v. Gutierrez,** (D.N.M. Apr. 3, 2019) Blacks Law Dictionary, however defines "extraordinary" as "beyond what is usual, customary, regular, or common, (10th ed. 2014) and extrapolating from its definition of "compelling need" a compelling reason is one "so great that irreparable harm or injustice would result if the relief is not granted".

Here, Petitioner has shown extraordinary and compelling reasons warranting a sentence reduction under §3582(c)(1)(A). The current pandemic (COVID-19) its rapid spread in all parts of the U.S. including the prison system, the C.D.C. recommendations, the fact that there is no cure or vaccine for this deadly unprecedented disease, and the Memos released by Attorney General William Barr on 04-03-2020 and 04-22-2020, along with the CARES ACT stating the emergency conditions related to COVID-19 and the consideration of inmates for early releases, home confinement and Reduction in Sentences all warrant Petitioner relief under the new criteria set forth by the Attorney General to the BOP.

C.  **SAFETY TO THE COMMUNITY**

Compassionare release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community as provided in **18 USC §3142(g)**, Petitioner's offense was not a violent one and he has no other criminal history prior to incarceration. His family is waiting for him and will support him with anything he needs upon release. He has remained with no major incidents while incarcerated, and his age puts him at a zero risk of recidivism. Moreover, Petitioner is not a U.S. Citizen and subject to deportation and if he were a U.S. Citizen, he would have been able to enjoy all the federal benefits or programs available at the BOP in particular the R.D.A.P. which automatically reduces one year off the defendants sentence with at least six months in home confinement having extensively reduced his sentence by now. Nothing in the record indicates that Petitioner is any threat to the community or poses any danger to any other person as more likely he will be deported after finishing his sentence.

D.  **APPLICABLE §3553 (a) FACTORS**

When weighing in all applicable §3553(a) factors, likewise they support Petitioner's request for compassionate release. Petitioner concedes that his offense was very serious. He also has been in custody since 2004, almost sixteen years. And if afforded the relief he requests, the remainder of his sentence will still be served, just on supervised release. That sanction adequately expresses the seriousness of the offense, deters criminal conduct, and protects the public. And because such a reduction would shorten Petitioner's sentence by less than 5 yrs. there is no sentencing disparities issues.

7

E.   **EXHAUSTION REQUIREMENTS TO ADMINISTRATIVE REMEDIES**

The Supreme Court has ruled that there are exceptions to the exhaustion requirements to administrative remedies and that are appropiate when: exhaustion may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue.

The rules also state that exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice.  Additionally, an unreasonable or indefinite timeframe for administrative action may sufficiently prejudice plaintiffs to justify a federal court in taking a case prior to the complete exhaustion or administrative remedies.   **See, e.g., Ross v. Blake,** 136 S. Ct 1850 (2016)

Any further delay would cause extremely irreparable harm to Petitioner as he is at a high risk for severe illness if COVID-19 was contracted and even death.  The Center for Disease Control and the CARES ACT along with the Memorandums by the Attorney General dated April, 2020, have stated the emergency conditions to be implemented by the Director of the B.O.P.

Additionally, the private prison is biased in making a decision that would favor Petitioner as it is a for profit corporation and it is in their best interest to have the most amount of inmates housed in order to generate a greater amount of profits. **See, also, Washington v. Barr,** (2nd. Cir. 2019)

### III.     CONCLUSION

Given the current umprecedented extraordinary and compelling reasons and the advanced age and chronic painful medical conditions of Petitioner, he prays that this court exercises its discretion to GRANT his motion for Reduction in Sentence to time served under the compassionate release provisions congress recently revitalized.


Dated: 05-26-2020                        Respectfully submitted,

*Leonardo Burgos*
Leonardo Burgos Valencia
No. 12308-196
GIles W. Dalby
805 N. Avenue  F
Post, TX 79356