**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Leonardo Burgos-Valencia,<br><br>Defendant. | No. CR-05-00125-001-TUC-DCB (BPV)<br><br>**ORDER** |

The Defendant seeks compassionate release because his incarceration increases the risk that he will contract COVID-19, and he has serious medical conditions which place him at high risk for death if he becomes ill with COVID-19. In addition to being 67 years old, he has had one kidney removed due to cancer, has high blood pressure, and he is obese. (Medical Records Sealed (Doc. 1458)).

To be eligible for compassionate release, the Defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, within the meaning of the statute; and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A).

The statute requires that any reduction be "consistent with applicable policy statements issued by the Sentencing Commission addressing the merits in the case, including the explicit definition in U.S.S.G. § 1B1.13 for "extraordinary and compelling reasons" that may make a defendant eligible for compassionate release. Relevant here, those include (1) a "terminal illness"; (2) a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; or (3) a defendant

who is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, n.1 (other grounds omitted). The Defendant bears the burden of proving the merits of his request.

Compassionate release is a rare and extraordinary remedy, within a district court's discretion to deny. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (holding district court did not abuse its discretion by denying compassionate release despite defendant's eligibility for that relief). While the COVID-19 pandemic is a "special circumstance [that] might warrant a change in the conditions of [a defendant's] confinement (including transfer to another facility if those risks are not being adequately addressed," the risks of COVID-19 do not entitle a defendant to release from detention entirely. *United States v. Dade*, 959 F.3d 1136, 1139 (9th Cir. 2020). Importantly, "whether or not [a defendant] faces a risk from COVID-19 in prison has no bearing on whether he will be a danger to the community if released." *Id.*

The Government argues that the Defendant should be denied compassionate release because the facility where the Defendant is confined is effectively protecting the health of inmates housed there,[1] and there are not extraordinary and compelling reasons that justify release because his medical conditions are stable and there is no showing that his general health is not being maintained during his incarceration. It is undisputed that he has exhausted the administrative avenues for relief and been denied compassionate release by the Bureau of Prisons (BOP). The burden is on the Defendant to show his entitlement to relief by proving he has "exhausted all administrative rights" and that "extraordinary and compelling reasons" exist to support the motion. (Response (Doc. 1456) at 5) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

---

[1] (Gov't Response (Doc. 1456) at 2-3 (setting out BOP policies relevant to controlling COVID), *but see* (Supp. Reply (Doc. 1460) at 1) (challenging application of BOP policies and procedures, generally, because Giles W. Dalby is private contract prison). The Defendant fails to establish that any of the relevant BOP policies aimed at protecting the federal prison population from contracting COVID do not apply at the facility where he is housed.

The Court will not construe the "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, strictly, to require one of the express reasons, either a "terminal illness" or "a serious medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Such a limited view of compassionate release would make it unavailable for COVID, even for high-risk inmates until they actually contracted the illness. Instead, the Court applies the Sentencing Guidelines' catch-all provision, which allows the Court to find an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[2]" U.S.S.G. § 1B1.13 Application note 1(D).

## Analysis: Conclusion

Defendant was convicted of trafficking large amounts of marijuana which were transported into and sold in this country. He was the Mexico supplier for marijuana, which was just one of the many drugs trafficked into the United States by a large drug trafficking operation, involving approximately 18 codefendants, that continued for an extended period of many years. He was convicted of marijuana drug trafficking offenses, conspiracy to possess with intent to distribute, and participating in a continuing criminal enterprise.

The Defendant makes much of the change in attitude towards marijuana, reflected in reduced advisory guideline ranges for marijuana offenses. He argues that he would have been eligible under Amendment 782 for a reduction in sentence but for his conviction for the continuing criminal enterprise offense. (Order (Doc. 1385) at 2.) Previously, the conspiracy and continuing criminal enterprise convictions were held to be double jeopardy, and on remand the Court exercised its discretion to dismiss either and dismissed the conspiracy conviction rather than the continuing criminal enterprise conviction. (Amended Judgment (1315)).

This resentencing decision precluded Defendant's relief under Amendment 782. It precludes relief here as well. The Defendant's participation in this large-scale drug

---

[2] §§ A-C include sentencing factors similar to § 3582 (c)(1)(A) sentencing factors.

operation over an extended period defeats his plea for a reduced sentence because he only trafficked marijuana. He participated in a continuing criminal enterprise that trafficked large amounts of very dangerous drugs, not just marijuana. While he argues that he never used violence, drug trafficking offenses, especially large-scale operations of the type he promoted are especially serious and pose considerable danger to the community. *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010), *United States v. Hare*, 873 F.2d 796, 798 (5th Cir.1989) (stating that "[t]he risk of continued narcotics trafficking on bail constitutes a risk to the community"), *United States v. Leon*, 766 F.2d 77, 81 (2d Cir.1985) ( "[I]t is clear that the harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger'"). Danger to a community is not limited to a geographic location in the United States where the offense of conviction has effects abroad. *United States v. Hir,* 517 F.3d 1081, 1088-89 (9th Cir. 2008). If released, the Defendant would be deported and pose a risk to communities in Mexico, which are already burdened with rampant drug trafficking.

The Court finds that the Defendant's medical conditions may make him high risk for death in the event he does contract COVID, but the prison's conditions of confinement are addressing the risk of exposure. The 18 U.S.C. §3553(a) sentencing factors and sentencing policies depicted in 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, in combination, do not warrant a reduction in his sentence or his compassionate release.

**Accordingly,**

**IT IS ORDERED** that the Amended Motion for Compassionate Release (Doc. 1449) is DENIED.

Dated this 21st day of December, 2020.

David C. Bury
United States District Judge