**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Leonardo Burgos-Valencia,<br><br>Defendant. | No. CR-05-00125-001-TUC-DCB (BPV)<br><br>**ORDER** |

On December 20, 2020, this Court denied a Motion for Compassionate Release from the Defendant. The Court's determination denying the motion has been vacated by agreement of the parties and the matter remanded for this Court to reassess the Motion for Compassionate Release under the standard set forth in *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("[T]he current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal quotation marks and alteration omitted)). The Mandate issued on September 20, 2021. (Doc. 1483.) Considering *Aruda*, the Court affirms its determination denying relief.

To be eligible for compassionate release, the Defendant must demonstrate: (1) the existence of "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1)(A)(i), or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under 3559(c), (imprisonment for certain violent felonies), "and a determination has been made by the Director of the Bureau of Prison (BOP) that the defendant is not a danger to the safety of any other person or the community, as provided

under section 3142(g)," (factors for determining pretrial release or detention), 18 U.S.C. § 3582(c)(1)(A)(ii).

"[A]s part of the First Step Act, of 2018, Congress amended § 3582(c)(1)(A) to [] allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed." *Aruda*, 993 F.3d at 802. The Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Therefore, as it does in every sentencing decision it makes, the Court considers the following sentencing factors: the nature and circumstances of the offense and criminal history and characteristics of the defendant; the need to: punish the defendant and promote respect for the law, deter criminal conduct and "protect the public from further crimes of the defendant," provide defendant with educational or vocational training, medical care, etc.; the kinds of sentences available and established sentencing guidelines and ranges. 18 U.S.C. § 3553(a).

The Defendant bears the burden of proving he meets all elements of eligibility, both substantive and procedural, for a sentence reduction. *Id.*; *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("defendant, as the § 3582(c)(2) movant, bears the burden of establishing" eligibility for sentencing reduction); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

The Court previously held that "[t]he statute requires that any reduction be 'consistent with applicable policy statements issued by the Sentencing Commission addressing the merits in the case, including the explicit definition in U.S.S.G. § 1B1.13 for 'extraordinary and compelling reasons' that may make a defendant eligible for compassionate release." (Order (Doc. 1463) at 1-2.) Relevant in the Defendant's case, this

1  Court considered the Sentencing Commissions definition in § 1B1.13 of "extraordinary
2  and compelling reasons," including: "(A) a 'terminal illness'; (B) a serious medical
3  condition 'that substantially diminishes the ability of the defendant to provide self-care
4  within the environment of a correctional facility and from which he or she is not expected
5  to recover'; or (C) a defendant who is at least 65 years old, is experiencing a serious
6  deterioration in physical or mental health because of the aging process, and 'has served at
7  least 10 years or 75 percent of his or her term of imprisonment, whichever is less.' U.S.S.G.
8  § 1B1.13, n.1 (other grounds omitted)." *Id.*

9  This Court did not deny the Motion for Compassionate Release based on strict
10 application of these policy statements because this would limit relief, even for high-risk
11 inmates, to after or unless the inmate contracted COVID-19. "Instead, the Court applie[d]
12 the Sentencing Guidelines' catch-all provision, and found it allowed the Court to find an
13 "extraordinary and compelling reason other than, or in combination with, the reasons
14 described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 Application note 1(D). at
15 3." *Id.* at 3. The Court found that the Defendant's medical conditions may make him high
16 risk for death in the event he does contract COVID-19, but the prison's conditions of
17 confinement were addressing those risks of exposure. *Id.* at 4. Applying 18 U.S.C. §3553(a)
18 sentencing factors and sentencing policies depicted in 18 U.S.C. § 3582(c)(1)(A) and
19 U.S.S.G. § 1B1.13, in combination, the Court found no extraordinary or compelling
20 reasons to reduce the Defendant's sentence or to order compassionate release. *Id.*

21 Importantly, the Court found that the Defendant's release would pose a serious risk
22 of danger to the community. *Id.* at 3-4.  The Court denied relief.

23 In *Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the Ninth Circuit Court of Appeals
24 explains that the policy statements in the current version of U.S.S.G. § 1B1.13 have not
25 been revisited since the First Step Act's amendment of § 3582(c)(1)(A), allowing
26 Defendants rather than the BOP Director to file motions for compassionate release. The
27 Ninth Circuit now clearly follows the five circuits that have unanimously held that U.S.S.G.
28 § 1B1.13 only applies to § 3582(c)(1)(A) motions filed by the BOP Director and does not

apply to § 3582(c)(1)(A) motions filed by a defendant. *Id.* at 801 (citing *United States v. McGee*, No. 20-5047, 992 F.3d 1035, 1050–51 (10th Cir. Mar. 29, 2021); *United States v. McCoy*, 981 F.3d 271, 281–84 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234–37 (2d Cir. 2020). Accordingly, "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* (citing *McCoy*, 981 F.3d at 284 (quoting *Brooker*, 976 F.3d at 230)).

This Court understands that in the Ninth Circuit "the current version of U.S.S.G. § 1B1.13 is not an "applicable policy statement[ ]" for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* (citing *See Gunn*, 980 F.3d at 1180).

On remand, this Court being so informed has considered, as it did previously singularly and in combination, all of the reasons for release raised by the Defendant and affirms its prior determination that Defendant fails to present any extraordinary and compelling reason for release, and his release would pose a serious risk to the community. The Court affirms its prior determination that the Defendant is not entitled to relief under 18 U.S.C. § 3582(c)(1).

Subsequent to the remand, the Defendant argues that this Court's denial based on its finding that his release would pose a risk to the community is contrary to the Court's determination at the original sentencing to not enhance his sentence based on use of a firearm because it was not foreseeable that one of the codefendants would use a firearm in furtherance of a marijuana conspiracy. Defendant argues that absent evidence he used violence or violence was foreseeable, the Court should not deny compassionate release based on this factor.

To be clear, this is not the sole basis for the denial. The Court found that being identified a high risk for complications, including death, if exposed to COVID-19 is not an automatic "extraordinary and compelling reason" for compassionate release, even when housed in a facility with known COVID cases, especially because BOP has imposed policies and practices to contain the spread of COVID-19 in prison facilities. The Defendant's ability to provide self-care within the environment of a correctional facility has improved since the Court first denied compassionate release because the COVID vaccination is now available.

The Court affirms its denial of compassionate release because his risk factors for serious health consequences are not extraordinary and compelling and because his criminal history and characteristics, including those related to the instant offense, reflect participation in a large-scale drug conspiracy, involving not just marijuana, over an extended period of time. This type of narcotic trafficking poses a danger to the community and his continued confinement is needed to punish the defendant, "protect the public from further crimes of the defendant," promote respect for the law, and deter such criminal conduct.

**Accordingly,**

**IT IS ORDERED** affirming the prior Order (Doc. 1463) and denial of the Motion for Compassionate Release (Doc. 1449).

Dated this 22nd day of October, 2021

David C. Bury
United States District Judge